### (Reap. Dec. 10754)

### MANHATTAN NOVELTY CORP. v. UNITED STATES

Entry Nos. 848441; 764856.

(Decided May 12, 1964)

Lane, Young & Fox for the plaintiff.
John W. Douglas, Assistant Attorney General, for the defendant.

FORD, Judge: The two appeals for reappraisement listed above have been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties hereto, subject to the approval of the Court, that the merchandise covered by the above appeals for reappraisement consists of radio sets exported from Japan subsequent to February 27, 1958.

That the radio sets are not identified in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective after February 27, 1958; and that the merchandise involved herein was entered for consumption subsequent to February 27, 1958.

That on or about the date of exportation of the said merchandise, the price at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised value, less the item designated on the invoices as "Buyer's Commission" in the amount shown thereon.

IT IS FURTHER STIPULATED AND AGREED that the above appeals for reappraisement may be submitted for decision upon this stipulation.

Accepting this stipulation as a statement of facts, I find that the involved merchandise is not listed on the final list of articles published in T.D. 54521, effective on or after February 27, 1958, and that export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, and T.D. 54521, effective on or after February 27, 1958, is the proper basis for the determination of the value of the merchandise here involved, and I hold that such statutory value is the appraised value, less the item designated on the invoices as "Buyer's Commission," in the amount shown thereon.

Judgment will be rendered accordingly.